## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>　　　　　　　　　　　　　　　　　)<br>　　Plaintiff,　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　　)　　Case No. CR-18-260-29-SLP<br>　　　　　　　　　　　　　　　　　)<br>PEDRO TAMAYO,　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　)<br>　　Defendant.　　　　　　　　　　　) | |

### **O R D E R**

Before the Court is Defendant's pro se Motion to Reduce Sentence [Doc. No. 2969]. Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.). The Government has filed a Response [Doc. No. 2976] and opposes the requested relief. The Court has further reviewed the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 [Doc. No. 2970]. For the reasons that follow, Defendant's Motion to Reduce Sentence is DISMISSED.

**I.   Background**

On September 24, 2019, Defendant pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. *See* Doc Nos. 1350-52. On July 13, 2020, the United States Probation Officed filed its Final Presentence Investigation Report (PSR). Doc. No. 1933. The PSR calculated a base offense level of 38, plus: (1) a two-level enhancement because the offense involved firearms; (2) a two level enhancement because the methamphetamine involved in the offense was unlawfully

imported from Mexico; (3) a two-level enhancement because Defendant maintained a premises for the purpose of storing and distributing controlled substances; and (4) a three-level enhancement because Defendant was a manager or supervisor in the conspiracy and the criminal activity involved five or more participants or was otherwise extensive  *Id.*, ¶¶ 52-55, 57, 59.  This resulted in an adjusted offense level of 47.  *Id.*  After a three-level reduction for acceptance of responsibility, the total offense level was 43.  *Id.*, ¶¶ 61-63.

The PSR calculated a total criminal history score of one.  *Id.*, ¶ 66.  Defendant did not receive any status points for committing the offense while under a criminal justice sentence.  Defendant's criminal history score placed him in a criminal history category of I.  *Id.*, ¶ 67.  Combining Defendant's total offense level of 43 and criminal history category of I, the PSR recommended a guideline range of life imprisonment.  *Id.*, ¶ 89.

On October 2, 2020, the Court adopted the PSR without change.  Doc. No. 2126.  The Court then varied downward and sentenced Defendant to 300 months' imprisonment.  Doc. Nos. 2123, 2124, 2126.

On August 5, 2024, Defendant filed the pending Motion.  He seeks a reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821 on grounds that he is a zero-point offender.

## II.     Governing Standard

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).  One source of statutory authorization is section 3582 which allows for a possible reduction for a defendant "who has been sentenced to a term

of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

Here, Defendant seeks a sentence reduction pursuant to Amendment 821 to the U.S.S.G. which took effect on November 1, 2023, and applies retroactively. Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023). With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in the offense level if he or she meets all ten of the listed criteria.[1]

---

[1] Those ten criteria are:
    (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
    (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
    (3) the defendant did not use violence or credible threats of violence in connection with the offense;

### III. <u>Analysis</u>

As set forth, Defendant had a total of one criminal history point. PSR, ¶ 66. And he did not receive any status points. Thus, Defendant is not eligible for a sentence reduction under Amendment 821. Moreover, as the Government sets forth, even if Defendant were a zero-point offender, he would not be eligible for a sentence reduction because he fails to meet all ten eligibility criteria. Specifically, Defendant's relevant conduct included possession of firearms and an aggravating role enhancement. *See* U.S.S.G. § 4C1.1(a)(7) and (a)(10); *see also* PSR, ¶¶ 53, 57. A sentence reduction, therefore, is not authorized under 18 U.S.C. § 3582(c)(2) and either Part A or Part B of Amendment 821.

### IV. <u>Conclusion</u>

For the reasons set forth, the Court lacks jurisdiction to reduce Defendant's sentence. *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of

---

(4) the offense did not result in death or serious bodily injury;
(5) the instant offense of conviction is not a sex offense;
(6) the defendant did not personally cause substantial financial hardship;
(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . .

U.S.S.G. § 4C1.1(a).

[defendant's] § 3582(c)(2) motion.").

IT IS THEREFORE ORDERED that Defendant's Motion to Reduce Sentence [Doc. No. 2969] is DISMISSED.

IT IS SO ORDERED this 18th day of September, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE